Guadalupe **MARROQUIN–ALEGRIA, Petitioner,**

v.

Alberto **GONZALES,\* Attorney General, Respondent.**

**No. 03–74402.**

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 7, 2005.\*\*

Decided Feb. 11, 2005.

Before: FERNANDEZ, GRABER, and GOULD, Circuit Judges.

---

\*\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

\* Alberto Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

\*\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

W. Amos Lawrence, W. Amos Lawrence, Esq., San Francisco, CA, for Petitioner.

John Ashcroft, Attorney General, Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, David V. Bernal, Attorney, Rodney A. Morris, David V. Bernal, Attorney, Rodney A. Morris, DOJ–U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: FERNANDEZ, GRABER and GOULD, Circuit Judges.

## MEMORANDUM ***

Guadalupe Marroquin–Alegria, a native and citizen of Guatemala, petitions for review of the Board of Immigration Appeals' summary affirmance of an immigration judge's ("IJ") denial of her application for asylum and withholding of deportation. We have jurisdiction under former 8 U.S.C. § 1105a(a). *Kalaw v. INS*, 133 F.3d 1147, 1150 (9th Cir.1997). We review for substantial evidence and will reverse the IJ's determination only if the evidence compels such a result. *Ochave v. INS*, 254 F.3d 859, 861–62 (9th Cir.2001). We deny the petition for review.

■ Substantial evidence supports the IJ's conclusion that even if Marroquin–Alegria's testimony is taken as true, she failed to establish that she suffered past persecution or has a well-founded fear of future persecution on account of her race, religion, nationality, membership in a particular social group, or political opinion. *See id.* at 865–66. The guerillas' initial interest in Marroquin–Alegria was due to the medical assistance she could provide to wounded members of the guerilla group. Although she testified she was blamed for the deaths of two guerillas, the evidence does not compel the conclusion that the beatings and threats she received occurred as a result of an imputed political opinion. *See id.* at 866–67.

Because Marroquin–Alegria failed to demonstrate that she is eligible for asylum, it follows that she did not satisfy the more stringent standard for withholding of deportation. *See de Leon–Barrios v. INS,* 116 F.3d 391, 394 (9th Cir.1997).

Pursuant to *Elian v. Ashcroft,* 370 F.3d 897 (9th Cir.2004) (order), Marroquin–Alegria's voluntary departure period will begin to run upon issuance of this court's mandate.

PETITION FOR REVIEW DENIED.